UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOAH DOHERTY and LYNN LEANDRE, on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

RAMAPO MANOR NURSING CENTER, INC., and CARERITE CENTERS, LLC,

Defendants.

**OPINION AND ORDER**

25-CV-05483 (PMH)

PHILIP M. HALPERN, United States District Judge:

Noah Doherty ("Doherty") and Lynn Leandre ("Leandre" and together, "Plaintiffs") commenced this putative class action on July 2, 2025 (Doc. 1, "Compl."), asserting three claims for relief against Ramapo Manor Nursing Center, Inc. ("Ramapo Manor") and CareRite Centers, LLC ("CareRite" and together, "Defendants"), for unpaid overtime violations under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

Pending before the Court is Defendants' motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Doc. 24; Doc. 25; Doc. 26). Plaintiffs opposed Defendants' motion (Doc. 27), and the motion was fully submitted with the filing of Defendants' reply (Doc. 28).

For the reasons set forth below, Defendants' motion to dismiss is DENIED.

[1] Defendants fail to cite any Federal Rule of Civil Procedure in their notice of motion. (*See* Doc. 24). Local Civil Rule 7.1(a)(1) provides that "[a] notice of motion . . . must specify the applicable rules or statutes pursuant to which the motion is brought, and must specify the relief sought by the motion." Failure to comply with the Local Rules is a sufficient ground to warrant denial of a motion. However, the Court has discretion to overlook a failure to comply with Local Rule 7.1 and exercises such discretion on this motion, as the parties have fully briefed the issue as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Singer v. Mass Mut. Life Ins. Co.*, No. 21-CV-08450, 2023 WL 3506404, at *1 n.1 (S.D.N.Y. May 16, 2023), *aff'd*, No. 23-0863, 2024 WL 1172893 (2d Cir. Mar. 19, 2024).

**BACKGROUND**

Plaintiffs each worked as non-exempt employees at Ramapo Manor. (Compl. ¶¶ 11, 27). Doherty, since March 25, 2025, is employed by Defendants as a Licensed Practical Nurse ("LPN"). (*Id.* ¶¶ 11-12). Leandre, between February 22, 2023 and May 2023, served as a Nurse Supervisor at Ramapo. (*Id.* ¶ 27). Ramapo Manor is one of a number of nursing home and rehabilitation facilities owned, operated, and managed by CareRite. (*Id.* ¶¶ 2-3).

Plaintiffs were required to record their time for each shift using a biometric time clock. (*Id.* ¶¶ 14, 30). They were required to clock in upon arrival at the Ramapo Manor facility and clock out upon departure from the facility. (*Id.*). Neither clocked in and out for meal breaks, although their scheduled hours included an automatically deducted meal break of 30 minutes per day. (*Id.*).

Plaintiffs regularly clocked in before the start of their scheduled shifts and immediately began performing their essential job functions. (*Id.* ¶¶ 15, 31). They regularly worked past the end of their scheduled shifts performing their essential job functions, however, the timekeeping system rounded Plaintiffs' time punches so as to reduce the amount of time Plaintiffs were credited with having worked. (*Id.*). Doherty had been scheduled to work from 3:30 p.m. until 11:30 p.m., typically working 3-5 days per week, such that on weeks he worked 5 days, he worked at least 40 hours. (*Id.* ¶ 13). Leandre was typically scheduled to work from 8:00 a.m. until 4:00 p.m., often working in excess of 40 hours per week. (*Id.* ¶ 29). Both were undercompensated as a result of the time-rounding practices and did not receive overtime compensation when working above 40 hours in a week. (*Id.* ¶¶ 15, 16, 22, 31, 32-34).

This litigation followed.

**STANDARD OF REVIEW**

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2] A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "consider the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). The presumption of truth, however, "is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 72. A plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

## ANALYSIS

I. First Claim for Relief: FLSA

The first claim for relief alleges violations of the FLSA for unpaid overtime. (Compl. ¶¶ 92-104). "To establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove [1] that he performed work for which he was not properly compensated, and [2] that the employer had actual or constructive knowledge of that work." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011). "To establish that Plaintiff[s] performed work for which [they were] not properly compensated, Plaintiff[s] must allege that . . . [they] worked longer than forty hours a week, and that Plaintiff[s] did not receive compensation for the excess hours worked." *Park v. Sancia Healthcare Inc.*, No. 17-CV-00720, 2020 WL 3440096, at *3 (S.D.N.Y. June 23, 2020); *see also Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) ("[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours.").

Defendants argue that Plaintiffs have not adequately pled that they worked more than forty hours. (Doc. 25 at 18-21). "Determining whether a plausible claim has been pled is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Lundy*, 711 F.3d at 114. A plaintiff "need not keep 'careful records' of the number of hours worked each week or calculate and 'plead their hours with mathematical precision.'" *Herrera v. Comme Des Garcons, Ltd.*, 84 F.4th 110, 114 (2d. Cir. 2023) (quoting *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013)). Plaintiffs need not even plead the approximate number of unpaid regular and overtime hours allegedly worked. *Id.*

Plaintiffs here have, however, identified specific weeks including the dates, times they clocked in and out, and the rounded amount for which they were compensated, in which they

worked in excess of 40 hours and for which they were not paid overtime at the rate of one and one-half times their regularly hourly rate. (Compl. ¶¶ 16-20, 32-35). Doherty alleges as an example that from May 4, 2025 to May 10, 2025, he worked a total of 42 hours and 18 minutes, but was only compensated for working a total of 39 hours, and did not receive any overtime compensation for the 2 hours and 18 minutes he worked above 40 hours during this week. (*Id.* ¶¶ 16-17). Leandre alleges as an example, that from April 10, 2023 to April 14, 2023, she worked 40 hours and 30 minutes, but was only compensated for 38 hours and 30 minutes, and did not receive any overtime for the 30 minutes she worked above 40 hours during this week. (*Id.* ¶¶ 33-34). Plaintiffs also alleged that they worked during all or portions of their uncompensated meal breaks nearly every day they worked. (*Id.* ¶¶ 17, 22, 39, 40, 67-69). "Lunch breaks count towards the forty-hour total unless employees enjoy a daily '[b]ona fide meal period' during which they are 'completely relieved from duty,' and an employee 'is not relieved if he is required to perform any duties, whether active or inactive, while eating.'" *Herrera*, 84 F.4th at 116 (quoting 29 C.F.R. § 785.19(a)). Plaintiffs allege that they were automatically deducted 30 minutes per day for meal breaks, but that they worked during those meal breaks. (Compl. ¶¶ 17, 40). Accepting these allegations as true and drawing all reasonable inferences in Plaintiffs' favor, it can be fairly inferred that they worked in excess of 40 hours in a given week.

Plaintiffs have alleged enough to state plausible claims for unpaid overtime at this stage. Accordingly, Defendants' motion to dismiss for failure to state a plausible overtime claim is denied.

II. CareRite as an Employer

Defendants argue that Plaintiffs' claims against CareRite fail because Plaintiffs have not adequately plead that CareRite is a joint employer with Ramapo Manor, or that CareRite is a "single integrated employer" with Ramapo Manor. (Doc. 25 at 9-17).

A. Joint Employer

The parties agree that to be held liable under the FLSA, one must be an "employer" and that the applicable test to determine employment status is the "economic reality" test set forth in *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984). (Doc. 25 at 9-10; Doc. 27 at 14-15; Doc. 28 at 6). Courts in this Circuit, considering whether an employment relationship has been plausibly pled, examine "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter*, 735 F.2d at 12.

"As the Second Circuit has repeatedly stated, joint employment status is 'a question of fact not suitable to resolution on a motion to dismiss.'" *Castillo v. Albert Einstein Coll. of Med. Inc.*, No. 24-CV-00984, 2025 WL 692124, at *4 (S.D.N.Y. Mar. 4, 2025) (citing *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014); *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 143-44 (2d Cir. 2008); *Bautista v. PR Gramercy Square Condo.*, 642 F. Supp. 3d 411, 422 (S.D.N.Y. 2022)).

Defendants take issue with Plaintiffs' allegations that the "compensation policies of Defendants are centrally and collectively dictated, controlled, and ratified" such that each Defendant has the "power to control wage policies and practices," including the power to "hire and fire Hourly Employees" arguing that Plaintiffs' failure to identify in opposition anyone who,

on behalf of CareRite, took actions with respect to Plaintiffs, renders these allegations insufficient to satisfy the first *Carter* factor. (Doc. 25 at 12). Defendants argue with respect to the second factor that Plaintiffs' allegations regarding "control" over employee work schedules and conditions of employment are too conclusory to pass muster. (*Id.* at 12-13). With respect to the third *Carter* factor, Defendants contend the pleading is deficient because Plaintiffs allege that Defendants have the power to control wage policies and practices, but do not allege that CareRite actually determined their rate and method of pay. (*Id.* at 13). And as to the fourth factor, Defendants contend that Plaintiffs' allegations that CareRite maintained employment records is insufficient to plead that CareRite maintained employment records. (*Id.* at 14). At this stage of the case, the Complaint sufficiently alleges that Defendants, including CareRite, had the power to hire and fire employees, set wages, supervised and controlled employee work schedules and conditions of employment, dictated the manner in which work time was recorded, and maintained employment records. (*See* Compl. ¶¶ 14-21, 26, 30-37, 50, 53, 55-58, 62, 65). Plaintiffs also allege that Doherty previously worked at the Cortland Manor facility which is also owned and controlled by CareRite, and Doherty was subject to the same timekeeping practices and policies there as at the Ramapo Manor facility. (*Id.* ¶¶ 2-3, 43). This is not, contrary to Defendants' arguments and the cases cited in their briefs, a situation where the pleading attempts to "lump all seventeen Defendants together into one allegation," *Shi Ming Chen v. Hunan Manor Enter., Inc.*, No. 17-CV-00802, 2018 WL 1166626, at *9 (S.D.N.Y. Feb. 15, 2018), or where there is a complete dearth of factual support for the various *Carter* factors in the pleading, *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009).

Plaintiffs may or may not ultimately establish joint employer status as to both Defendants, but they have pled enough to survive a motion to dismiss on this ground. *See Castillo*, 2025 WL 692124, at *4.

B. Single Integrated Employer

Defendants also argue that Plaintiffs fail to support FLSA liability against CareRite under a "single integrated employer" theory. (Doc. 25 at 14-17). The parties agree that "four factors determine whether two entities will be regarded as a single employer subject to joint liability" under the FLSA: "(1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership." *Murray v. Miner*, 74 F.3d 402, 404 (2d Cir. 1996). (*See* Doc. 25 at 14-15; Doc. 27 at 19-20).

Defendants again argue that Plaintiffs fail to allege enough facts to plead each of these factors. (Doc. 25 at 14-17). Plaintiffs counter that their burden at the pleading stage requires only that they put Defendants on notice of the theory of employer liability. (Doc. 27 at 19-24). The "relevant inquiry" at the motion to dismiss stage "is whether a defendant has been put 'on notice of the theory of employer liability,'" *Li v. Ichiro Sushi, Inc.*, No. 14-CV-10242, 2016 WL 1271068, at *6 (S.D.N.Y. Mar. 29, 2016) (Nathan, J.), and when stripped of any arguably boilerplate or conclusory allegations, whether enough facts are pled to suggest interrelated operations, common management, common ownership or financial control, and centralized control of labor relations, *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 367-68 (S.D.N.Y. 2014).

Plaintiffs have met their burden through their detailed allegations concerning: CareRite's website and social media tying Ramapo Manor and CareRite together through a shared website, holding themselves out as affiliated entities, intertwining operations and management, and sharing common managements, ownership, and financial control (Compl. ¶¶ 45-48, 63-65); and

centralized control over labor relations through common owners, officers, directors, employees, and members of the facilities over which Plaintiffs allege CareRite exercises functional and operational control (*id.* ¶¶ 43, 46, 51, 62). Taken together, Plaintiffs' allegations are sufficient to plead that Defendants operated as a single integrated enterprise, qualifying as a single "employer" under the FLSA.

In sum, Defendants' arguments concerning the plausibility of Plaintiffs' claims against CareRite require a more developed factual record than exists within the four corners of this pleading, accepting Plaintiffs' allegations as true and affording them all reasonable inferences. Accordingly, Defendants' motion to dismiss Plaintiffs' allegations as against CareRite is denied.

III. <u>Second and Third Claims for Relief: NYLL</u>

Defendants argue that the NYLL is analyzed under the same rubric as the FLSA and therefore the Court should dismiss the NYLL claims for the same reasons as the first claim for relief, or alternatively, decline to exercise supplemental jurisdiction over these state law claims. (Doc. 25 at 21-22). The parties agree that the NYLL is analyzed under the same rubric as the FLSA. (Doc. 25 at 21; Doc. 27 at 27). Because, as discussed *supra*, the Court has concluded that Plaintiffs have alleged an FLSA overtime claim, they have therefore stated a claim for overtime under the NYLL. *Brain v. Execu-Search Grp., LLC*, No. 22-CV-08219, 2024 WL 838085, at *7 (S.D.N.Y. Feb. 28, 2024). "[A]ll relevant factors thus favor the exercise of supplemental jurisdiction." *Id.* (citing *Hernandez v. Spring Rest Grp., LLC*, No. 17-CV-06084, 2018 WL 3962832, at *2 (S.D.N.Y. Aug. 17, 2018)).

Accordingly, Defendants' motion to dismiss or decline supplemental jurisdiction over the second and third claims for relief is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED.

Defendants shall file an Answer to the Complaint within fourteen days of the date of this Opinion and Order.

The Clerk of Court is respectfully directed to terminate the pending motion (Doc. 24).

**SO ORDERED:**

Dated: White Plains, New York
August 26, 2026

PHILIP M. HALPERN
United States District Judge